Beck, J.
i. Evidence: maps and pub-lie documents, There are twenty-six grounds of error assigned by appellants, covering objections to rulings of the court in the admission of evidence and ,. „ . . _ , , upon questions ot law raised by the instructions given and refused, and also to the overruling of a motion for a new trial, based upon the insufficiency of the evidence to sustain the'verdict. The examination of all these objections will not be necessary, as one or two are decisive of the case.
The conflicting claims of the parties to the land in controversy has its foundation in a question as to the width of *191 the lots of the respective parties which lie contiguous. Plaintiffs claim that each lot is of the width of feet,while defendants insist their lot, 97, is 66J feet wide, and plaintiffs’ but 62J feet. ■
Upon the issues presented to the jury, plaintiffs offered in evidence a certain map, purporting to be a correct plat of Dubuque, made by the United States commissioners wbo, under a law of congress, laid off and platted the town. The engineer of the city, Orusius, testified that the map was in his custody, and had been used by him in making surveys in the city, and was the official map of Dubuque and was recognized as correct. Another witness testified that he had been for several years register of the United States land office at Dubuque, and was acquainted with the handwriting of the United States' commissioners who surveyed and laid off the city of Dubuque. The. witness was then shown the map, and testified that the signatures of the commissioners found thereon were not genuine; that no writing on the map seemed to be in the handwriting of either, but appeared to be all in the same penmanship, as well as the signatures, and that the map seemed to be a copy. The plaintiffs then proved by another witness, Everett, that he had been for several years the engineer of the city, and that he had found this map in the city engineer’s office. During his term of office he had used it in making surveys, and it was recognized as correct and as the official map of the city. Upon this proof the map was admitted in evidence against defendants’ objection.
The map was not competent evidence upon the proof given of its character, which clearly established that it was a copy, and failed to give it the character of a public document. Under the act of congress providing for the laying off of the town of Dubuque, the commissioners were required to make a plat thereof and return it to the secretary of the treasury. They were also required to deter *192 mine upon the size of the lots, which, of course, would he correctly shown, by this plat. This plat is the official record, or a part of the official record, of their acts under the law clothing them with authority to lay'off the town. It is not claimed that the city of Dubuque or its engineer or any other officer had the authority to change this map or make another one; neither is it pretended that the engineer or any other officer of the city is the proper custodian of the plat made by the commissioners. Now, there can be but one map of the city which possesses the character of a public document, and that is the official map made by the commissioners. The map admitted in evidence was proved to be a copy, but it was not shown to be a true copy. It cannot be claimed that a copy of a public document, or what purports to be such, in the custody of a public officer, .is admissible in evidence under the rule admitting public documents, unless it be properly authenticated or proved to be correct. The map in question was supported by no such evidence.
3-_under the statute. The fact, that it was found in the custody of the city officers and recognized to be correct, and the official map bhe city, does not make it admissible as evidence. This fails to give it the character of a public document, and to verify it as required by the rules of evidence.
Revision section 3995 provides that published maps or charts may be admitted in evidence when made by persons indifferent between the parties. But the map in question was not published, and it was not shown tobe the work of a disinterested person. In our opinion, therefore, the court erred in ruling that the map, upon the evidence offered to support it, was admissible in evidence.
4. PuuDHJCf: action of right. The plaintiffs argue that, if it be admitted that defendants’ lot is 62£ feet wide, they are entitled to recover, because the evidence shows that defendants are building a wall beyond the line of *193 their own lot, and, therefore, upon plaintiffs. But it will be remembered, that, under the pleadings, the point in issue is the title of the two feet of land in controversy, whether plaintiffs’ lot is 62 J or 6éjfeet wide. This issue was determined by .the jury, as will be readily seen from their verdict, which is in the nature of a special finding. They returned a verdict for the plaintiffs, because they found that the two feet in controversy belonged to lot 98, the plaintiffs’ lot. The plaintiffs claim in their petition, as the owners of lot 98, to recover, because the two feet are a part of their lot; defendant answers that plaintiffs’ lot is but 62J feet wide, and does not include the two feet. Now, it is not claimed that defendants’ wall is within the line of plaintiffs’ lot, considering it to have a width of 62£ feet. Their right to recover rests upon the width of their lot: they can recover no further than they show title, and any excess in the measurement of defendants’ lot cannot aid them to recover in this action.
On account of the error in the admission of the map in evidence, the judgment of the district court must be reversed. It is not necessary that we examine any of the other numerous objections made by appellants; if any of them be well taken, it is not to be presumed that the errors upon which they are founded will be repeated in another trial.
Reversed.